IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Daniel Lynn Brown, Jr., | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 8:19-1344-HMH-JDA |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Bryan Antonelli, | ) | |
| Warden of FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Daniel Lynn Brown, Jr. ("Brown") seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation, Magistrate Judge Austin recommends dismissing Brown's § 2241 petition without prejudice and without requiring the Respondent to file an answer or return.

Brown filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Brown's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. However, the court was able to glean one specific objection. Brown objects to the magistrate judge's conclusion that he cannot satisfy the second prong of the 28 U.S.C. § 2255(e) savings clause test set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). (Objs., generally, ECF No. 9.)

A federal prisoner may challenge the legality of his sentence under § 2241 if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255); Wheeler, 886 F.3d at 428. To demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence, a prisoner must establish that

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429.

On March 31, 2006, Brown pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("count 1"), one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) ("count 4"), and two counts of possession of a firearm in furtherance of a drug

2

trafficking crime in violation of 18 U.S.C. § 924(c) ("count 5" and "count 15").  United States v. Brown, Cr. No. 4:05-cr-227-RP-CFB-1 (S.D. Iowa).[2]  On December 7, 2007, Brown was sentenced to 510 months' imprisonment, consisting of 150 months each as to counts 1 and 4, to run concurrently with each other; 60 months as to count 5, to run consecutively; and 300 months as to count 15, to run consecutively.  Id., (J., ECF No. 118).  Pursuant to § 924(c)(1)(C), count 15 carried a 25-year mandatory minimum sentence based on the additional § 924(c) firearm charge in count 5.

Brown submits that his 300-month sentence for count 15 should be vacated in light of the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.  (Objs., generally, ECF No. 9.)  Brown's sentence on count 15 was based on "stacked" § 924(c) firearm offenses, meaning count 5 and count 15 were charged in the same superseding indictment.  Section 403 of the First Step Act amended § 924(c) and now prohibits "stacking," and requires a final prior § 924(c) conviction in order for the mandatory minimum in § 924(c)(1)(C) to apply.  Brown argues that because § 403 is titled "Clarification of Section 924(c) of Title 18, United States Code," Congress only intended to clarify the meaning of § 924(c), rather than substantively change the law, and that this clarification should apply retroactively.  (Objs. 2, ECF No. 9.)  In support of his argument, Brown cites to a line of cases from the United States Court of Appeals for the Ninth Circuit and district courts therein, which reason that "[w]hen Congress clarifies a statute, it adds language to show how the law was originally intended to operate."  Dept. of

---

[2] This court may take judicial notice of the prior case.  Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

Toxic Substances Control v. Interstate Non-Ferrous Corp., 99 F. Supp. 2d 1123, 1133 (E.D. Cal. 2000). The Ninth Circuit applies congressional clarification of a statute retroactively. Id.

However, § 403(b) of the First Step Act explicitly states, "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Brown was sentenced in 2007, prior to the enactment of the First Step Act. Accordingly, based on the plain language of the First Step Act, § 403 does not retroactively affect Brown's sentence, and his objection is without merit.

Thus, Brown has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his sentence in order to satisfy the savings clause. Therefore, after a thorough review of the Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Brown's § 2241 petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file an answer or return.

**IT IS SO ORDERED**.

                                                                s/Henry M. Herlong, Jr.
                                                                Senior United States District Judge

Greenville, South Carolina
June 4, 2019

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.